IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1986-05






GERALD HERRERA, Appellant



v.


THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE THIRD COURT OF APPEALS

CALDWELL COUNTY




 Cochran, J., filed a concurring opinion.


OPINION


 I join the majority opinion. I add these remarks only to emphasize what the record does
not show. It does not show that appellant established the essential fact of "custodial
interrogation." Like the trial court, the unanimous Third Court of Appeals, (1) and now a majority
of this Court, I simply do not know enough about the setting in which appellant and Investigator
Powell conducted their discussion to determine that this was a "custodial interrogation." Here
is what we do know:

 (1) Appellant was arrested on an unrelated outstanding warrant;

 (2) He spent the night in jail;

 (3) The next morning Investigator Powell "asked [appellant] some questions. At that
time, [he] was gathering information and didn't know Mr. Herrera's involvement,
if any, in the assault."


What we do not know is where in the jail and under what circumstances this "interview,"
"questioning," or "discussion" took place. Perhaps it was a scenario involving custodial
interrogation. Perhaps it was not. The record is simply incomplete. Nobody ever asked the
questions to establish whether this was or was not a "custodial interrogation" setting. 

 As the court of appeals noted, this Court has never directly stated who bears the burden
of establishing that a "custodial interrogation" took place. (2) Although neither of the parties have
addressed this issue in their Briefs or acknowledged the importance of this issue, I agree with
the court of appeals' suggestion that this is the defendant's burden. (3) 

 The right to Miranda warnings applies once the defendant establishes that the setting
is one of custodial interrogation. (4) Only then does the State have "a heavy burden" to establish 
that Miranda warnings were given and that the defendant voluntarily waived those rights and
voluntarily responded to custodial questioning. (5) In this case we know that there was a "one-on-one" discussion between appellant and Investigator Powell while appellant was housed in the
Caldwell County Jail on other charges. We do not know where they spoke; we do not know
how they came to have a discussion; we do not know anything about the circumstances under
which they talked. We do not know enough to make an intelligent decision about whether there
was "custodial interrogation." I conclude that this is why every court that has considered the
matter has properly rejected appellant's contention.


Filed: November 21, 2007

Publish
1. Herrera v. State, No. 03-04-00766-CR, 2005 Tex. App. LEXIS 10030 (Tex. App.-Austin
Dec. 1, 2005) (not designated for publication).
2. Herrera, 2005 Tex. App. LEXIS 10030 at *11 n.4.
3. See id. Footnote four of the court of appeals' opinion reads:

 Although the Texas Court of Criminal Appeals has not addressed who bears the
burden of proving that the statement was not the result of custodial interrogation, the
Court of Appeals for the Fifth Circuit has held that a defendant bears the burden of
proving that a prosecution-offered statement is one to which Miranda applies. United
States v. Davis, 792 F.2d 1299, 1309 (5th Cir. 1986); United States v. Charles,
738 F.2d 686, 692 (5th Cir. 1984); see also 41 George E. Dix & Robert O.
Dawson, Texas Practice: Criminal Practice and Procedure § 13.384 (2d ed.
2001).
4. See, e.g., Paez v. State, 681 S.W.2d 34, 38 (Tex. Crim. App. 1984) (upholding the
admission of a statement that the jailed suspect had given to a Department of Human Resources worker
because we were "unable to say that the record as a whole establishes that [defendant's] statements . .
. were the product of" custodial interrogation by a state official); see also State v. Rosado, 588 A.2d
1066, 1073 (Conn. 1991) (stating that "the defendant has the initial burden of showing that he was
subjected to custodial interrogation").
5. Miranda v. Arizona, 384 U.S. 436, 475 (1966).